UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TAKPOR GBLEAH,

        Plaintiff,

v.

MINNESOTA UNEMPLOYMENT
INSURANCE, and MADONNA TOWER OF
ROCHESTER,

        Defendants.

Civil No. 14-1170 (PAM/JJK)

**SUPPLEMENTAL
REPORT AND RECOMMENDATION**

        This matter is presently before the Court for consideration of an amended complaint that Plaintiff recently filed.  (Docket No. 4.)  The Court previously recommended that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because (a) Plaintiff's original complaint, (Docket No. 1), failed to state an actionable claim for relief against any named Defendant, and (b) the primary Defendant, "Minnesota Unemployment Insurance," is immune from suit in federal court under the Eleventh Amendment.  (See Report and Recommendation, ["R&R"], dated April 21, 2014, [Docket No. 3].)  Plaintiff did not file any objections to the Court's previous R&R, but he instead filed the amended complaint that is presently before the Court.

        The Court initially notes that Plaintiff is still trying to sue a Defendant identified as "Minnesota Unemployment Insurance."  The Court previously determined that this Defendant is an agency of the State of Minnesota, and that the Eleventh Amendment therefore bars Plaintiff from suing this Defendant in federal court.  Plaintiff has not presented any new allegations in his amended complaint that would alter the Court's

previous assessment of his claims against Defendant "Minnesota Unemployment Insurance." The Court notes, in particular, that (a) there are no new allegations suggesting that "Minnesota Unemployment Insurance" is <u>not</u> a state agency covered by Eleventh Amendment immunity, and (b) there are no allegations suggesting that Congress has abrogated the State's immunity, or that the State has waived its immunity.[1] Thus, the Court concludes, once again, that Plaintiff's claims against Defendant "Minnesota Unemployment Insurance," must be summarily dismissed pursuant to the Eleventh Amendment to the Constitution.

The second Defendant named in Plaintiff's original complaint was identified as "Madonna Towers." The amended complaint identifies the second Defendant as "Madonna Tower of Rochester." The Court previously determined that Plaintiff's original complaint failed to state any actionable claim for relief against Defendant "Madonna Towers," and the Court now finds that Plaintiff's amended complaint likewise fails to state any actionable claim for relief against Defendant "Madonna Tower of Rochester."

Plaintiff's amended complaint asserts that federal subject matter jurisdiction exists in this case under the "federal question" statute, 28 U.S.C. § 1331. (Amended Complaint, [Docket No. 4], p. 3, § 3.) However, the amended complaint does not identify any specific federal law on which Plaintiff's claims are based – even though that

---

[1] As stated in the Court's previous R&R: "The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some <u>express</u> statutory provision. <u>Pugh v. Alabama</u>, 438 U.S. 781, 782 (1978) (<u>per curiam</u>); <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66-67 (1989); <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 619 (8th Cir. 1995); <u>Glick v. Henderson</u>, 855 F.2d 536, 540 (8th Cir. 1988)."

information is expressly solicited by the pleading form that Plaintiff used.  (Id., § 4.) Plaintiff's original complaint indicated that his claims are based on federal law identified as "due process" and "wrongful conviction," (Complaint, [Docket No. 1], p. 3, § 4), and it must be assumed that Plaintiff's amended complaint is based on the same federal law. The term "wrongful conviction" does not identify any cognizable federal law on which a civil cause of action could be based, so Plaintiff must be attempting to sue the named Defendants for violating his constitutional right to due process.

A citizen can seek relief for alleged violations of his federal constitutional rights, including the constitutional right to due process, by bringing a civil rights action under 42 U.S.C. § 1983.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[s]ection 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution'")  (citations omitted).  To state an actionable § 1983 claim, however, a complainant must allege facts showing that the named defendant(s) violated the complainant's constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  See also Moore v. City of Desloge, Mo., 647 F.3d 841, 846 (8th Cir. 2011) (§ 1983 "authorizes a private right of action against those who, under color of law, deprive a citizen of 'any rights, privileges, or immunities secured by the Constitution and laws'") (citations omitted) (emphasis added).  It is well settled that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) cert. denied, 535 U.S. 1017 (2002).

Plaintiff's amended complaint fails to state an actionable § 1983 claim against Defendant "Madonna Tower of Rochester," because there are no allegations showing that this Defendant is a state actor. Nothing in Plaintiff's complaint suggests that "Madonna Tower of Rochester" is employed by, or is an agent of, any governmental entity. Indeed, even though much of Plaintiff's pleading is difficult to decipher, it clearly appears that "Madonna Tower of Rochester" must be a private corporation or enterprise, and <u>not</u> a state actor. Therefore, Plaintiff cannot sue "Madonna Tower of Rochester" under § 1983 for allegedly violating his constitutional right to due process.

In sum, Plaintiff's amended complaint does not cure the fatal flaws that were found in the original complaint. The amended complaint does not include any new allegations that would support a cause of action against either of the named Defendants, which could be entertained in federal court. Therefore, the Court recommends, once again, that Plaintiff's IFP application should be denied, and this action should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: May 13, 2014

                              *s/ Jeffrey J. Keyes*
                              JEFFREY J. KEYES
                              United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 28, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.